1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

| | |
|---|---|
| ALEX CASTRO-FLORES and LAURA MARIN,<br><br>                           Plaintiff,<br><br>        v.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA d/b/a SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                           Defendant. | CASE NO. C22-596 MJP<br><br>ORDER ON STIPULATED MOTION |

18

19

20

        This matter comes before the Court on the Parties' Stipulated Motion for Order to Continue Discovery Deadlines. (Dkt. No. 13.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion.

21

22

23

        The Parties here seek an extension of the expert disclosure, discovery, discovery motions, dispositive motion deadline. (Dkt. No. 13.) Under Rule 16(b), the Court may modify an existing pretrial schedule "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).

24

1    "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the

2    amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he

3    focus of the inquiry is upon the moving party's reasons for seeking modification

4     and "if that party was not diligent, the inquiry should end." <u>Id.</u> (citation omitted).

5         Although the Parties acknowledge the "good cause" standard, they do nothing meet their

6    burden, stating only that "[g]ood cause exists here." This empty statement does satisfy the "good

7    cause" standard and the Parties provide no evidence that they have been diligent. The Parties also

8    imply that they may not be able to meet the case deadlines because they have voluntarily "put

9    [discovery] on hold" until they are able to submit a revised agreed protective order that might be

10   approved by the Court. This, too, fails to show good cause. The Court notes that it denied the

11   initial agreed protective order without prejudice on October 3, 2022. (Dkt. No. 12.) The Parties

12   identify no reason why they have not diligently filed a revised agreed protective order for the

13   Court's review. This record confirms the Parties' lack of diligence. And the Parties are reminded

14   that any agreement as to existing deadlines set by the Court is ineffective and unenforceable

15   without the Court's approval.

16        Given the lack of diligence and evidence necessary to demonstrate good cause, the Court

17   DENIES the Motion without prejudice. The Parties may request an extension of the existing case

18   deadlines, but they must demonstrate their diligence and provide actual evidence of good cause.

19        The clerk is ordered to provide copies of this order to all counsel.

20        Dated November 1, 2022.

21

22        Marsha J. Pechman
          United States Senior District Judge

23

24

ORDER ON STIPULATED MOTION - 2