HONORABLE MARSHA J. PECHMAN
TRIAL DATE: 06/20/2023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ALEX CASTRO-FLORES and LAURA MARIN, a married couple,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA d/b/a SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | No. 2:22-cv-00596 MJP<br><br>AGREED PROTECTIVE ORDER |

The parties, through their respective counsel of record, stipulate to the entry of a protective order that includes the following provisions:

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from

AGREED PROTECTIVE ORDER (Cause No. 2:22-cv-00596 MJP) – 1
ljj/JMS1379.962/4208642X



1000 Second Avenue, Suite 2050
Seattle, Washington 98104
Telephone: (206) 623-4100
Fax: (206) 623-9273

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (a) Social Security numbers and any similar personally identifying information; (b) the parties' tax documents and information related thereto; (c) the parties' financial information; (d) defendant's employee personnel files; (e) defendant's training documents; (f) defendant's claim handling guidelines; and (g) defendant's vendor service agreements. Per agreement of the parties, the "confidential" material described by the preceding categories (a) through (g) includes but is not limited to the following specific documents:

- Casualty UM UIM Standard Operating Procedures, 02/05/2020 (FNIC 002749–002752);

- Casualty UM UIM Standard Operating Procedures, 09/20/2020 (FNIC 002753–002756);

- Casualty Communications and File Documentation Standard Operating Procedures, 09/30/2019 (FNIC 002757–002761);

- Casualty UM UIM Standard Operating Procedures, 09/30/2019 (FNIC 002762–002765);

- Casualty Communications and File Documentation Standard Operating Procedures, 10/17/2019 (FNIC 002766–002769);

AGREED PROTECTIVE ORDER (Cause No. 2:22-cv-00596 MJP) – 2
ljj/JMS1379.962/4208642X

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

- Casualty UM UIM Standard Operating Procedures, 12/17/2019 (FNIC 002770–002773);

- Casualty Communications and File Documentation Standard Operating Procedures, 12/20/2020 (FNIC 002774–002777);

- BI Claims Handling Guidelines, 05/24/2016 (FNIC 002778–002783);

- BI BIE Job Aid, 05/01/2016 (FNIC 002784–002785);

- BI Claims Handling Guidelines, 05/01/2016 (FNIC 002786–002789);

- BIE Job Aid version 4 (FNIC 002790–002793);

- BIE Job Aid version 5 (FNIC 002794–002797);

- BI UM UIM Standard Operating Procedures, 12/01/2016 (FNIC 002798–002800);

- Casualty UMQ4 2018–Q42019 UM Standard Operating Procedures (FNIC 002801–002804);

- Casualty UM UIM Standard Operating Procedures, 11/16/2019 (FNIC 002805–002807);

- Casualty UM UIM Standard Operating Procedures, 10/07/2019 (FNIC 002508–002811);

- Casualty UM UIM Standard Operating Procedures, V. 1 (FNIC 002812–002815);

- Casualty UM UIM Standard Operating Procedures, V. 2 (FNIC 002816–002819);

- Casualty UM UIM Standard Operating Procedures, V. 3 (FNIC 002820–002823);

AGREED PROTECTIVE ORDER  (Cause No. 2:22-cv-00596 MJP) – 3
ljj/JMS1379.962/4208642X



1000 Second Avenue, Suite 2050
Seattle, Washington  98104
Telephone: (206) 623-4100
Fax: (206) 623-9273

- Casualty UM UIM Standard Operating Procedures, V. 4 (FNIC 002824–002827);
- Casualty UM UIM Standard Operating Procedures, V. 5 (FNIC 002828–002834);
- Casualty UM UIM Standard Operating Procedures, V. 6 (FNIC 002835–002841);
- Casualty UM UIM Standard Operating Procedures, V. 7 (FNIC 002842–002848);
- Casualty UM UIM Review Procedure, V. 1 (FNIC 002849);
- Casualty UM UIM Review Procedure, V. 2 (FNIC 002850);
- UM UIM Guidelines, V. 1, 09/22/2021 (FNIC 002851–002852);
- UM UIM Guidelines, V. 2, 05/01/2020 (FNIC 002853–002855);
- UM UIM Guidelines, V. 3, 08/16/2019 (FNIC 002867–002870);
- UM UIM Guidelines, V. 1, 09/025/2020 (FNIC 002859–002862);
- UM UIM Guidelines, V. 2, 06/29/2020 (FNIC 002863–002866);
- UM UIM Guidelines, V. 3, 06/25/2020 (FNIC 002867–002870);
- UM UIM Guidelines, V. 4, 06/22/2020 (FNIC 002871–002874);
- UM UIM Guidelines, V. 5, 06/11/2020 (FNIC 002875–002878);
- UM UIM Guidelines, V. 1, 06/17/2020 (FNIC 002879–002880); and
- UM UIM Guidelines, V. 2, 07/13/2020 (FNIC 002881–002883).

3. **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied, linked or extracted from confidential

AGREED PROTECTIVE ORDER  (Cause No. 2:22-cv-00596 MJP) – 4
ljj/JMS1379.962/4208642X

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## 4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

**4.1 Basic Principles.** A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**4.2 Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

AGREED PROTECTIVE ORDER (Cause No. 2:22-cv-00596 MJP) – 5
ljj/JMS1379.962/4208642X

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**4.3 Filing Confidential Material.** Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party

AGREED PROTECTIVE ORDER (Cause No. 2:22-cv-00596 MJP) – 6
ljj/JMS1379.962/4208642X

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. **DESIGNATING PROTECTED MATERIAL**

**5.1 Exercise of Restraint and Care in Designating Material for Protection.** Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2 Manner and Timing of Designations.** Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

AGREED PROTECTIVE ORDER (Cause No. 2:22-cv-00596 MJP) – 7
ljj/JMS1379.962/4208642X

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

(a) **Information in documentary form:** (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) **Testimony given in deposition or in other pretrial proceedings:** the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) **Other tangible items:** the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portions.

**5.3 Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

AGREED PROTECTIVE ORDER (Cause No. 2:22-cv-00596 MJP) – 8
ljj/JMS1379.962/4208642X

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1 Timing of Challenges.** Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2 Meet and Confer.** The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**6.3 Judicial Intervention.** If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

AGREED PROTECTIVE ORDER (Cause No. 2:22-cv-00596 MJP) – 9
ljj/JMS1379.962/4208642X

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

AGREED PROTECTIVE ORDER  (Cause No. 2:22-cv-00596 MJP) – 10
ljj/JMS1379.962/4208642X

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.     **NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The return-or-destroy period shall be extended to the period required by First National Insurance Company of America's document retention policy and any applicable statutes and regulations concerning the issuance of insurance, whichever is longer.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

/ / /

/ / /

/ / /

/ / /

AGREED PROTECTIVE ORDER (Cause No. 2:22-cv-00596 MJP) – 11
ljj/JMS1379.962/4208642X

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**IT IS SO STIPULATED; APPROVED AS TO FORM, NOTICE OF PRESENTATION WAIVED:**

Dated: November 4, 2022

By: */s/Brad J. Moore*
Brad J. Moore, WSBA #21802
Lisa Beneditti, WSBA #43194
Stritmatter Kessler Koehler Moore
3600 15th Ave. W., Ste. 300
Seattle, WA 98119-1330
Phone: (206) 448-1777
brad@stritmatter.com;
lisa@stritmatter.com
*Co-Counsel for Plaintiffs*

Tiersa Justice, WSBA #42559
Law Office of Tiersa Justice PLLC
1408 140th Pl. NE, Ste. 150
Bellevue, WA 98007
Phone: (425) 284-4469
teri@magladryjustice.com
*Co-Counsel for Plaintiffs*

Dated: November 4, 2022

By: */s/Brian J. Hansford*
John M. Silk, WSBA #15035
Brian J. Hansford, WSBA #47380
Wilson Smith Cochran Dickerson
1000 2nd Ave., Ste. 2050
Seattle, WA 98104
Phone: (206) 623-4100
Email: silk@wscd.com;
hansford@wscd.com
*Attorneys for Defendant First National Insurance Company of America*

## ORDER

PURSUANT TO STIPULATION,

IT IS SO ORDERED this 8th day of November 2022.

HONORABLE MARSHA J. PECHMAN
UNITED STATES DISTRICT JUDGE

AGREED PROTECTIVE ORDER (Cause No. 2:22-cv-00596 MJP) – 12
ljj/JMS1379.962/4208642X

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**Exhibit A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ALEX CASTRO-FLORES and LAURA MARIN, a married couple,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA d/b/a SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | No. 2:22-cv-00596 MJP<br><br>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATION FOR AND AGREED PROTECTIVE ORDER |

The undersigned has read the Stipulation for and Protective Order that has been entered by the Court in this action, understand they are bound by the terms of the Order and agree to comply with its requirements.

DATED:_____.

_____

Printed Name: _____

AGREED PROTECTIVE ORDER (Cause No. 2:22-cv-00596 MJP) – 13
ljj/JMS1379.962/4208642X



WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273